UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUSTIN LEE SLOOTHAAK,

    Defendant.
_____/

Case No. 1:22-cr-153

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant Justin Lee Sloothaak's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 67). For the following reasons, the Court denies the motion.[1]

### I. BACKGROUND

Defendant pleaded guilty to Sexual Exploitation of a Child (Pre-Sentence Report [PSR, ECF No. 41, filed under restricted access] ¶¶ 1 & 8). Because he committed the instant offense while under a criminal justice sentence for "Accosting for Immoral Purposes" and "Criminal Sexual Conduct–Second Degree," Defendant was assessed two status points, bringing his total criminal history score to 5 and establishing a criminal history category of III (*id.* ¶ 62). However, because Defendant is a repeat and dangerous sex offender against minors, his criminal history category was "the greatest of the criminal history category," or criminal history category V (*id.*,

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

citing United States Sentencing Guideline (U.S.S.G.) § 4B1.5). Based upon a total offense level of 35 and a criminal history category of V, Defendant's guideline imprisonment range was 262 to 327 months; however, because the statutorily authorized maximum sentence of 25 years was greater than the minimum of the applicable guideline range, his guideline term of imprisonment was 300 to 327 months (*id.* ¶ 104, citing U.S.S.G. § 5G1.1(b)). *See also* 18 U.S.C. § 2251(e). On October 31, 2023, this Court sentenced Defendant to a within-Guidelines term of imprisonment of 327 months to be followed by a life term of supervised release (Minutes, ECF No. 55; Judgment of Sentence, ECF No. 57).[2]

After Defendant's sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

Defendant filed his motion at bar on February 10, 2025, seeking retroactive application of Part A of Amendment 821 to his sentence, as well as court-appointed counsel (ECF No. 67). Pursuant to this Court's Order (ECF No. 69), the Probation Office prepared a Sentence Modification Report (SMR), which was filed under restricted access on February 13, 2025 (ECF No. 70).

---

[2] The Judgment was amended on November 22, 2023 to include a restitution obligation. *See* Amended Judgment, ECF No. 65 at PageID.666.

## II.  ANALYSIS

### A.  Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Section 3582(c) establishes a "two-step inquiry."  *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).  First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]"  *Jones, supra.*  The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

"[C]ourts need not issue a written opinion engaging in a point-by-point rebuttal of every argument for every sentence-modification motion; [r]ather, they can rely on their 'professional judgment' about the amount of information they need to include in an order." *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (citing *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018), and *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)).

### B. Discussion

Defendant argues that his sentence should be reduced because his presentence report included "Status Points" in the calculation of his criminal history score (ECF No. 67 at PageID.672). The author of the Sentence Modification Report indicates that Defendant is a "repeat and dangerous sex offender against minors and would remain a Criminal History Category V" (ECF No. 70 at PageID.678).

Defendant's motion is properly denied. Although Amendment 821 changes Defendant's status points, his criminal history category would remain category V, by application of the enhancement in U.S.S.G. § 4B1.5. His guideline range is therefore unchanged. Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if . . . an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Defendant's motion therefore fails at the first step of the analysis, and the Court does not reach the § 3553(a) factors.[3] *See Dillon*, 560 U.S. at 826. Defendant concomitantly fails

---

[3] If the Court reached the second step in the analysis, the Court would decline to exercise its discretion to reduce Defendant's sentence under the factors set forth in 18 U.S.C. § 3553(a) and

4

to demonstrate that the appointment of counsel is required.  *See generally United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021); 18 U.S.C. § 3006A(a)(2).  Accordingly:

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), including his request for appointment of counsel, (ECF No. 67) is DENIED.

Dated:  March 10, 2025                                            /s/ Jane M. Beckering
                                                                              JANE M. BECKERING
                                                                              United States District Judge

---

the circumstances presented.  In particular, a reduction would not reflect Defendant's history and characteristics, provide just punishment, or afford adequate deterrence to future criminal conduct.

5